Filed 11/16/23  P. v. Vega CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081993 |
| v. | (Super.Ct.No. BAF1500138) |
| SALVADOR GIL VEGA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Salvador Gil Vega, in pro. per.; Melanie L. Skehar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Salvador Gil Vega appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] section 1172.6 (formerly section 1170.95). For the reasons set forth *post*, we affirm.

## STATEMENT OF THE CASE

On January 25, 2019, an amended information alleged that "defendant did willfully, unlawfully, and with deliberation, premeditation and malice aforethought, murder Robert Hearn, a human being," under section 187, subdivision (a) (count 1). On April 5, 2019, after a jury found defendant guilty of first degree murder under section 187, subdivision (a), the trial court sentenced defendant to 25 years to life with 1,475 days of credit for time served.

On July 27, 2022, defendant filed a petition for resentencing under section 1172.6. On October 19, 2022, the People filed a request for the trial court to take judicial notice of the jury instructions from the underlying case, defendant's letter filed on September 28, 2022, and all files and records in the underlying case.[2] On May 4, 2023, defense counsel filed a "*prima facie* brief for resentencing pursuant to Penal Code section 1172.6." On July 6, 2023, defense counsel filed defendant's "reply pursuant to Penal Code section 1172.6."

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] There is no record of the trial court's ruling on the request for judicial notice. However, at the hearing on defendant's section 1172.6 petition, the trial court stated that it had "reviewed the jury instructions," discussed the jury instructions given at defendant's trial, and read defendant's letter into the record.

On August 18, 2023, the trial court held a hearing on defendant's petition. Prior to denying defendant's petition, the court expressed concern about defendant's mental state at the hearing because defendant made nonsensical statements and could not recall sending a letter to the court.

After questioning defendant, the prosecutor, and defense counsel, the trial court took a "brief pause." After resuming the hearing, the court stated that a prima facie hearing at a section 1172.6 hearing was "a habeas-like hearing" and, as such, "defendant does not even have a right to be personally present for the PRMC—well, for the prima facie hearing. . . . [¶] . . . [¶] I am confident the defendant has an absolute right to be at an order to show cause hearing. I am fairly confident the defendant does not have a right to be present for the prima facie hearing. For that reason I am making no statement as to whether or not I entertain a doubt as to the gentleman's competence to stand trial." The court then proceeded "on the merits of the prima facie analysis."

After hearing argument by both defense counsel and the prosecutor, the court stated: "I have already recited the instructions that were given. The jury returned a verdict of murder in the first degree. There was only one instructional vehicle for them to reach murder in the first degree, and that was through willful, deliberate, and premeditated murder. There were no instructions that run afoul of the changes to [sections] 188 and 189 that occurred on January 1st of 2019.[3]

---

[3] At the beginning of the hearing, the court stated that the following pertinent instructions were given at defendant's trial: CALCRIM Nos. 500 (general principles of homicide); 520 (elements of first and second degree murder with malice aforethought);

*[footnote continued on next page]*

3

"The defendant's averments that he could not be convicted under the law of murder as it exists post-January 1st, 2019, are absolutely refuted by the instructions that were given. Because every instruction that was given survives after the changes to [sections] 188 and 189 after January 1st of 2019. The defendant is statutorily ineligible for relief.

"[Defendant's] chief complaint is that it was self-defense. His only remedy for that is an appellate remedy, to appeal the verdict as unsupported by the facts. It is not a petition pursuant to what was 1170.95 and what now is 1172.6 because the instructions that were given were all valid instructions. The only theory under which the jury could have convicted him is a theory that is still a valid theory, and for those reasons the petition is denied."

On August 21, 2023, defendant filed a notice of appeal from the denial of his section 1172.6 petition.

---

521 (willful, deliberate, and premeditated theory of first degree murder); 522 (effect of provocation to reduce murder from first to second); 570 (heat of passion); 571 (imperfect self-defense); 505 (justifiable homicide—perfect self-defense); 3471 (right of self-defense, mutual combat or initial aggressor); 3472 (right to self-defense may not be contrived); and 640 ("a Stone instruction").

## DISCUSSION

Counsel has filed a supplemental brief under the authorities of *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 739, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In the brief, pursuant to *Anders*, appellate counsel has identified the following issues to assist the court in its search of the record for error:

1. "Whether [defendant] was mentally capable of understanding what was occurring and, if not, would any incompetence affect the determination of no imputed malice to require an evidentiary hearing?"

2. "Whether [defendant] is mentally capable of responding meaningfully to this Court's invitation to submit a supplemental brief?"

On October 10, 2023, we sent notice to defendant regarding the filing of a supplemental brief, as follows: "Counsel for appellant has filed a brief stating no arguable issues can be found. Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*People v. Delgadillo* (2022) 14 Ca1.5th 216 []; *People v. Serrano* (2012) 211 Ca1.App.4th 496.) The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, [at p. 216].) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

On October 16, 2023, defendant filed a one-page handwritten supplemental brief challenging the underlying murder conviction. In the brief, defendant wrote: "I have a rule 4.423(a)(2)[.] [T]he victim was an initiator of, willing participant in, or aggressor or provoker of the incident. [¶] I got sentenced to first degree, my rule stands he started a fight with me. I'm not going to stand for it, get it right[,] what can be done about it?"

Four days later, on October 20, 2023, defendant filed a second one-page supplemental brief, which again challenged his underlying conviction: "Robert Hearn was the one that started a fight with me[.] I was takeing [sic] hits from him first multiple blunt force injurys [sic] but was not bean [*sic*] to death. In fact what was the murder weapon cause I don't know do you?"

This appeal, however, is an appeal of the denial of defendant's section 1172.6 petition, and not an appeal from his underlying conviction.

After defendant filed his supplemental briefs, on October 26, 2023, appellate counsel filed a supplemental brief on behalf of defendant asking this court to conduct an independent review because defendant is not capable of drafting a supplemental brief.

Based on the above and our independent review of the record, we find that the jury found defendant guilty of first degree murder, and "[t]here was only one instructional vehicle for them to reach murder in the first degree, and that was through willful, deliberate, and premeditated murder[,]" as the direct perpetrator. Therefore, the trial court correctly determined defendant is ineligible for relief under section 1172.6. (*Delgadillo*, *supra*, 12 Cal.5th at p. 233.)

## DISPOSITION

The order denying defendant's petition for resentencing under section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

Acting P. J.

We concur:

CODRINGTON

J.

MENETREZ

J.